William C. Hecht, J.
This petition for construction involves another trust created by the settlor of the Morgan trust (Matter *225 of Morgan, 13 Misc 2d 214). The trust indenture contains a paragraph not found in the Morgan trust indenture. That paragraph reads7. The Trustor reserves to himself the right and power to revoke during his lifetime the trust hereby established; and the Trustees for the time being, on receiving a notice in writing, signed and acknowledged by the Trustor, revoking the said trust, will thereupon convey, assign, transfer and deliver unto the order of the Trustor the property then held by them in trust hereunder, in whatsoever form the same shall then be.”
On October 20, 1924, the following notation was made in the margin of the indenture, alongside paragraph “ 7
“ Clause No. 7 cancelled October 20, 1924,
J. J. Morgan [settlor]
Ernest A. Bigelow [trustee]
Harold D. Beatty [trustee] ”.
On July 23, 1935, the settlor and the trustees signed and acknowledged an agreement, which stated: “ 3. The undersigned confirm their cancellation, on October 20, 1924, of the provision contained in the paragraph numbered 7 of the indenture as aforesaid, as evidenced by the notation under their hands and seals on the margin thereof.”
The reply brief of Irving Trust Company states: “ The executor of the settlor’s will and the Commissioner of Internal Revenue agree that the settlor had effectively released his power of revocation by the 1924 endorsement to the trust indenture. His executor included in his estate tax return only the value of the reserved remainder and excluded for tax purposes the value of the life income interests in the trust. On audit, the Commissioner of Internal Revenue accepted this treatment of the trust in the return. For the value of the life income interests to have been excludable, the trust must have been irrevocable at the settlor’s death.”
The foregoing statement was not denied by any of the other parties and this opinion proceeds on the assumption that it is correct.
The first question is whether the power to revoke the trust agreement was effectively released. The answer must be in the affirmative. While the revocation under clause “ 7 ” requires the formality of an acknowledgment, no such requirement exists where the settlor releases the reserved power to revoke (cf. Real Property Law, § 183). Moreover, the settlor and the trustees would seem to be estopped to question the validity of the release, since they obtained a settlement with the Commissioner of Internal Revenue on the basis that it had been released.
*226 The trust being irrevocable, the attempted amendment thereof by the agreement of July 23, 1935, is ineffectual because the consent of the life tenant was not obtained (Matter of Morgan, supra).
The investment provision of this trust reads as follows: “2. In the discretion of the Trustees the principal of the said trust property and estate, and any part thereof, may remain in the securities in which the said principal is now invested, or may be sold, invested and reinvested in the securities of the public debt of the United States or of any town, county or State in the United States, or in the public stocks or funds of Great Britain, in bonds secured by mortgage upon unencumbered real estate, either improved or unimproved, in any part of the United States, or in bonds, stocks and other securities of any bank, trust company or railway, business, manufacturing or commercial company in the United States or England then paying a dividend thereon.”
No reason appears why it cannot or should not be enforced literally. The words “in bonds, stocks and other securities of any bank, trust company or railway, business, manufacturing or commercial company in the United States or England then paying a dividend thereon” means that the bonds of a company qualified if the company is paying interest thereon at the time of investment and the stocks qualify if the company is paying a dividend thereon at the time of investment.
Paragraph “4” of the indenture herein provides: “4. In case of the death of either of the Trustees, the survivor of them shall thereupon succeed to all the estate and interest of such deceased Trustee in the said trust property and estate. If the said Ernest A. Bigelow be the survivor of the said Trustees, he shall appoint another person or corporation, or if the said Harold D. Beatty be such survivor he shall appoint the American Exchange National Bank, to act with him in the execution of this Trust and shall thereupon duly invest his appointee with the right, title and interest in the said property and estate necessary to enable such appointee to act as such co-Trustee.”
Beatty was the survivor of the original trustees, but failed to appoint American Exchange National Bank as cotrustee. The court will therefore exercise the power in accordance with the direction of the indenture by appointing Irving Trust Company, successor to American Exchange National Bank, as successor trustee (Personal Property Law, § 20).
The agreement of July 23, 1935, by which Corn Exchange Bank Trust Company of the City of New York was substituted *227 in place of American Exchange National Bank was ineffective since the beneficiary’s consent was not obtained (Matter of Morgan, supra).
The issue regarding the use of J. P. Morgan & Co. as depository is identical with that in Matter of Morgan (supra), and the same disposition will be made here.
Settle order.